IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

Case No. 8:23-cv-195

PREPARED FOOD PHOTOS, INC.,
f/k/a ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

Plaintiff,

v.

JAYJET ENTERPRISES, INC.
d/b/a THE CADDY SHACK
SPORTS BAR & GRILL,

Defendant.

---

**COMPLAINT**

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendant Jayjet Enterprises, Inc. d/b/a The Caddy Shack Sports Bar & Grill ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business located at 2076 N 117th Ave Omaha, NE 68164. Defendant's agent for service of process is Jay Johnson, 2076 N 117th Ave Omaha, NE 68164.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with Nebraska such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business

6. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

7. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

8. Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a minimum monthly fee of $999.00 for access to its library of professional photographs.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

9. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

10. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II. The Work at Issue in this Lawsuit

11. In 1999, a professional photographer created a photograph titled "CornedBeefDinner010" (the "Work"). A copy of the Work is exhibited below:



12. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on August 5, 2016 and was assigned Registration No. VA 2-012-581. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

13. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III. Defendant's Unlawful Activities

14. Defendant is a sports bar and grill located in Omaha, Nebraska.

15. Defendant advertises/markets its business primarily through its website (https://caddyshackomaha.com/), social media (e.g. https://www.facebook.com/caddyshackwest/, https://twitter.com/caddyshackOmaha, https://www.facebook.com/thecaddyshackomaha/), and other forms of advertising.

16. In March 2016 (prior to Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://caddyshackomaha.com/march-madness-st-patricks-day/corned-beef-cabbage/):




17. A true and correct copy of screenshots of Defendant's website, displaying the

copyrighted Work, is attached hereto as **Exhibit "B."**

18. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

19. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

20. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

21. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work on May 23, 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

22. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as set forth above.

24. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

25. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

26. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website.

27. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

28. By its actions, Defendant directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes and for the commercial purposes.

29. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

e. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: May 15, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza______
Daniel DeSouza, Esq.